**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL ROBINSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **VERIZON COMMUNICATIONS** | : | **NO.   11-1709** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                      **December 27, 2011**

The threshold issue in this employment discrimination action is whether the plaintiff, Michael Robinson ("Robinson") failed to exhaust his administrative remedies because he is pursuing claims that were not explicitly included in his administrative charge filed with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").[1] Robinson alleges that Verizon Communications ("Verizon") refused him a reasonable accommodation and subjected him to retaliation for filing a charge with the DDOL and EEOC, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Delaware Handicapped Persons Employment

---

[1] As a preliminary matter, it appears that the District of Delaware is the appropriate venue. Robinson filed suit in the Eastern District of Pennsylvania because it named Verizon Communications as the defendant, claiming its principal place of business is in Philadelphia. Although Verizon has waived any objection to venue, it notes that Robinson has misstated the identity of the defendant. Because Robinson is employed by "Verizon Delaware LLC," that entity is the proper defendant.

The Third Circuit has not decided whether a district court may transfer venue under 28 U.S.C. § 1404(a) on its own motion. However, courts within this district and other circuits have held that when no motion to transfer to a more convenient venue has been filed, the court may *sua sponte* transfer the case, but only after first providing the parties with an opportunity to brief the transfer issue. *See, e.g., Bank Express Int'l v. Kang*, 265 F. Supp. 2d 497, 507 n.12 (E.D. Pa. 2003).

Considering that the parties have completed discovery and Verizon's motion for summary judgment has been fully briefed by both parties, we shall not transfer the action.

Protections Act, Del. Code Ann. tit. 19, § 720, *et seq*. ("DHPEPA").[2] Because Robinson's claims of retaliation and discrimination are not within the scope of his administrative charge or a reasonable agency investigation arising from that charge, we shall grant Verizon's motion for summary judgment.

## Factual and Procedural Background

Robinson is employed by Verizon as a service technician, whose job duties include connecting, testing, and repairing wiring on poles, underground, in homes, and in building terminals. As part of the job, a service technician must climb poles and ladders, and work on roofs, and in attics, basements, and crawl spaces.

Since 2004, Robinson has suffered from atrial fibrillation. As a consequence of his condition, he is prone to dizziness and unpredictable chest pains. On February 24, 2010, Robinson requested placement on sedentary duty as a medical restriction. Verizon approved his request and assigned him, pursuant to Verizon's Medically Restricted Plan, to the Enhanced Verizon Resolution Center in Wilmington, Delaware. In this position, Robinson calls customers to determine if they are satisfied with their service.[3] Robinson's pay and benefits were not reduced or otherwise affected by his reassignment.

On July 7, 2010, Robinson filed a charge of age and disability discrimination against Verizon with the DDOL and the EEOC.[4] His DDOL/EEOC charge reads in full:

---

[2] Since Robinson filed suit, the Act was amended and renamed the Delaware "Person with Disabilities Employment Protections Act." Del. Code Ann. tit. 19, § 720 (2011).

[3] Initially, Robinson also took incoming customer complaints. Because he found these calls stressful, he submitted another accommodation request to limit his responsibility to making outgoing calls. Verizon approved this request.

[4] In his answer to defendant's statement of undisputed facts, Robinson claims that he also filed an internal complaint of discrimination prior to July 7, 2010 by calling Verizon's Global Compliance number. Robinson claims Verizon did not follow-up on his complaint. This internal complaint does not affect the

> Charging party contends that his supervisor, Marilyn Rivera (approx. late 30's) is engaging in continuous harassing behavior (beginning in February 2010) in the form of ongoing verbal harassment and discipline. Charging Party believes she has targeted him due to his age and known disability/is perceived as such/has a known record of disability.

On August 25, 2010, while the charge was pending, Robinson requested a bucket truck or buried service work so he could perform the duties of a service technician without climbing. He supported his request with a note from his physician recommending "lifelong, no climbing duty" due to his unpredictable chest pain and dizzy spells.[5]

On October 18, 2010, after MetLife substantiated the recommendation of Robinson's physician that he not be assigned to perform any tasks that require climbing,[6] Verizon's Workforce Accommodation Team, Robinson's managers, and the human resources department denied his request for a bucket truck or buried service work. The denial reads in relevant part: "Due to the physical limitations indicated by MetLife, you are unable to perform all of the essential functions of your job."[7] Robinson confirmed in his deposition that he is "prevented from climbing," which he agrees is an essential function of the service technician job.

Although Robinson's DDOL/EEOC charge was still pending when Verizon denied his requested accommodation, he did not amend his existing charge or file another charge

---

exhaustion analysis. It was not made to the DDOL or EEOC, it was prior to his DDOL/EEOC charge, and Robinson has included no facts other than averring that the complaint was for discrimination.

[5] A prescription from his physician dated September 9, 2010 reiterated this limitation because there is a risk that Robinson's unpredictable chest pain may cause him to fall.

[6] MetLife is the third-party vendor Verizon uses to examine the medical records of employees requesting accommodations.

[7] Def.'s Am. Statement of Undisputed Facts, Ex. K.

adding a claim based on Verizon's denial of his request for a bucket truck or buried service work. Instead, on November 3, 2010, he requested that the DDOL issue a right to sue notice as soon as Verizon submitted its position statement in response to the charge of harassment based on age and disability. At Robinson's request, the agency issued the notice on November 23, 2010, the day after Verizon submitted its position statement.

On March 3, 2011, Robinson filed this action, reiterating the averments he made in his administrative charge about his supervisor's harassing and disciplining him because of his age and disability, and adding that Verizon's failure to accommodate his request for a bucket truck or buried service work constituted disability discrimination and was in retaliation for his filing the DDOL/EEOC charge. Robinson claims these activities violate the ADA and the DHPEPA.

Robinson has withdrawn his claims that Marilyn Rivera-Carrion, his supervisor, subjected him to verbal harassment and unwarranted discipline.[8] He asserts only that he was refused a reasonable accommodation and was retaliated against for filing the administrative charge with the EEOC.

In its motion for summary judgment, Verizon contends that Robinson failed to exhaust his claims that Verizon improperly refused his request for buried service work or the accommodation of a bucket truck, and retaliated against him for filing the EEOC charge. It argues that these claims are not reasonably related to his charge that his supervisor subjected him to verbal harassment and unwarranted discipline. Robinson counters that his DDOL/EEOC charge "could reasonably be expected to generate an

---

[8] Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 12 n.2.

investigation that would inquire into defendant's subsequent denial of his request to accommodate that disability."[9]

Verizon also argues that Robinson has failed to provide any evidentiary support for his claim that he can perform the essential functions of a service technician in only completing buried service work. Instead, according to Verizon, the evidence demonstrates that working aloft is an essential function for service technicians and the assignment of a bucket truck is not a reasonable accommodation.

We conclude that Verizon is entitled to summary judgment because Robinson failed to exhaust the claims he now wishes to pursue. Consequently, we do not reach the question of whether there are disputed material facts on the issue of whether Robinson can perform the essential functions of the service technician job.

## Exhaustion

Before filing an ADA action, an employee must exhaust his administrative remedies by timely filing a charge with the EEOC. *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999). In other words, a complainant must give the EEOC the opportunity to resolve or pass on the dispute before bringing suit. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001) (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999)). The issues in a subsequent legal proceeding are defined by the scope of the charges made in the administrative complaint or the EEOC's investigation of the administrative charge. *Atkinson v. Lafayette College*, 460 F.3d 447, 453 (3d Cir. 2006). Hence, a plaintiff may not assert claims in a civil action that were not presented or would

---

[9] *Id.* at 6.

not arise out of the investigation at the administrative level.

When the charged discrimination continues after the filing of an EEOC complaint, the employee is not required to file additional agency complaints so long as the "acts alleged in the subsequent [ADA] suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)). Consequently, the employee's claims are not necessarily unexhausted merely because facts supporting his claim were not specifically mentioned in his administrative complaint. On the other hand, an administrative complaint does not encompass a claim merely because an investigation would "reveal facts that could support such a claim." *Fleeger v. Principi*, 221 F. App'x 111, 116 (3d Cir. 2007) (citing *Antol*, 82 F.3d at 1296). Instead, the "parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Atkinson*, 460 F.3d at 453 (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)) (internal quotations omitted).

Robinson is no longer pursuing the claim, explicitly made in his administrative charge, that his supervisor subjected him to verbal harassment and unwarranted discipline because of his age and disability. He asserts claims that arose after he filed the administrative charge – Verizon's rejection of his request for accommodations and retaliation. Robinson insists that he can be assigned buried service work because working aloft is not an essential function of a service technician; and even if it is, his medical condition would not preclude him from doing so if Verizon would accommodate him by providing him a bucket truck. Robinson claims that Verizon's denial of these requests is

discriminatory and in retaliation for his filing the DDOL/EEOC charge.

Because he has abandoned the claim raised in the administrative charge, we must determine whether Robinson exhausted the discrimination and retaliation claims he added in the complaint that he filed in this action.[10] Accordingly, we must examine whether these current claims are reasonably within the scope of his administrative charge and a reasonable EEOC investigation of those claims.

Robinson jointly filed one DDOL/EEOC charge on July 7, 2010, alleging that Rivera-Carrion, his supervisor, "targeted him" for verbal harassment and discipline due to his age and disability. We conclude that his claims that Verizon engaged in discrimination and retaliation in denying his later request for accommodation are not within the scope of his administrative complaint or a reasonable investigation that could have been expected to arise out of that complaint.

In his administrative complaint, Robinson did not claim that his supervisor's actions were in retaliation for his February 24, 2010 accommodation request. Robinson specified in his charge that his claim against his supervisor for verbal harassment and unwarranted discipline began on February 19, 2010 and continued through the date of his charge on July 7, 2010. Although these alleged acts began contemporaneously with his first request for an accommodation, he made no claim that his supervisor's actions were in retaliation for that request.

---

[10] The same analytical framework applies to Robinson's discrimination and retaliation claims brought under the ADA and the DHPEPA. Del. Code Ann. tit. 19, § 720, *et seq.*; *Choma v. Blue Cross Blue Shield of Del.*, No. 06-486, 2008 WL 4276546, at *8 n.9 (D. Del. Sept. 18, 2008). Similar to the ADA, the DHPEPA contains an exhaustion requirement. *See* Del. Code. Ann. tit. 19, § 727(a) (incorporating the enforcement provision of Del. Code Ann. tit. 19, § 714); Del. Code Ann. tit. 19, § 714 (requiring that charging parties exhaust their administrative remedies before pursuing an action in state court).

The character of Robinson's current discrimination and retaliation claims are not within the scope of his DDOL/EEOC complaint because they are dissimilar and unrelated to his harassment claims. In that complaint, Robinson alleged that only his supervisor subjected him to harassment. Having abandoned his claim for harassment by his supervisor, he asserts that Verizon's denial of his request for buried service work or a bucket truck is an actionable failure to accommodate and in retaliation for filing the charge. Verizon's decision was based on an assessment of Robinson's restrictions by MetLife and an evaluation by Verizon's Workforce Accommodation Team, three of Robinson's supervisors, and employees in the human resources department. These new claims involve a factual scenario unrelated to his harassment charge and challenge a collaborative decision by several Verizon employees, only one of whom was named or implicated in his charge filed with the EEOC. Taken together, these claims are not within the scope of Robinson's administrative charge.

Nor are the allegations of facts occurring after February 2010 within the scope of a reasonable administrative investigation. His administrative charge focused exclusively on allegations that one person subjected him to harassment and unwarranted discipline based on his age and disability. The investigation of that charge would focus on Rivera-Carrion's allegedly harassing behavior. It would not "reasonably be expected" to uncover or consider his current discrimination for failure to accommodate and retaliation claims.[11]

---

[11] No such investigation took place because Robinson contacted the DDOL after his accommodation was denied and requested a right to sue notice as soon as Verizon submitted its position statement. The fact that the DDOL or EEOC did not have an opportunity to investigate and resolve the complaint with the parties provides further support for requiring Robinson to exhaust his claims. *See Waiters*, 729 F.2d at 237 (noting that the rationale behind not requiring exhaustion for additional discriminatory acts within the scope of the administrative complaint that occur while the EEOC complaint is pending "is that once the EEOC has tried to achieve a consensual resolution of the complaint, and the discrimination continues, there is minimal likelihood

Assuming the investigation would have revealed Verizon's denial of Robinson's request for buried service work or a bucket truck, the DDOL/EEOC would be aware of the fact of the denial, but not the reasons or motivations for the denial. *See Antol*, 82 F.3d at 1296 ("The specifics of [plaintiff's] disability discrimination charge do not fairly encompass a claim for gender discrimination merely because the investigation would reveal that [the plaintiff] is a man and the two employees who received the positions are women."). As *Antol* demonstrates, awareness of Verizon's denial of Robinson's request, without more, is not enough to bring his ensuing claims within the scope of the investigation. Indeed, absent a complaint from Robinson, the agency could not conclude that he did not accept Verizon's decision.

The purpose of the exhaustion requirement is to allow the appropriate agency the opportunity to settle disputes without court action. *Id*. Because Robinson made no complaint regarding his first assignment to sedentary work in his administrative charge, neither the DDOL nor the EEOC was put on notice that his continued assignment to sedentary work would generate a retaliation and discrimination charge for failure to accommodate. Significantly, Robinson halted any investigation when he instructed the EEOC to issue a right to sue letter without finishing its investigation. Robinson has failed to exhaust his administrative remedies for the claims he now pursues. Therefore, we shall grant Verizon's motion for summary judgment.

---

that further conciliation will succeed").